LINDSAY, SALINGER & COMPANY, Appellants, v. O. W. CARPENTER.

Attorney and Client: Negligence: PLEADINGS.   The client may introduce evidence tending to show a want of care, and the extent and character of the services on part of the lawyer, where the value of the latter's services is in issue, though negligence is not pleaded. (1)

SAME: INSTRUCTION.   An instruction that, while the practice of the law demands special qualifications, to be attained only by constant research, absolute certainty is not obtainable, and that the profession of a lawyer is useful and reputable so long as he conducts himself with integrity, and that they ought to be protected when they act to the best of their knowledge and skill, is not open to the objection that it submits the question of negligence to the jury. (1)

Scope of Retainer. A conversation had immediately after the trial, in which the client is told why he was defeated, advising appeal and proposing terms for its conduct, is admissible. (2)

Counterclaim Covered. While a counterclaim is not, in strictness, a defense, an agreement to defend for a sum certain includes services on a counterclaim presented in the case. (4)

Testimony: Practice. Where testimony is stricken out and subsequently admitted without objection, there is no prejudice. (3)

SAME. Where one is asked whether he said a certain thing to another, that part of the answer which states that the other said it, is properly stricken out. (3)

*Appeal from Carroll District Court.*—HON. GEORGE W PAINE, Judge.

THURSDAY, MAY 10, 1894.

PLAINTIFFS state, as their cause of action, that they are practicing attorneys at law, and as such were retained by the defendant to defend an action pending against him; that they rendered services in defending said action, and paid expenses incurred therein, all of the reasonable value of one hundred and thirty-three dollars and fifteen cents; and that only twenty dollars thereof has been paid, wherefore they ask to recover one hundred and thirteen dollars and fifteen cents. Defendant answered, admitting that he employed the plaintiffs, and that they did for him what was done in said case, and alleges that plaintiffs agreed to defend said case for twenty-five dollars, and that he has paid them in full therefor. Defendant asks, by way of counterclaim, to recover nineteen dollars paid to plaintiffs to be used in said defense, which he alleges they converted to their own use; also sums alleged to have been loaned to and paid for plaintiffs, at different times, amounting to twelve dollars. Plaintiffs, in reply, admit the receipt of nineteen dollars, and allege that it was, with defendant's consent, applied as partial payment for their services. They deny that any other payment was made to them. Upon these issues the

case was tried to a jury, and a verdict and judgment given for the defendant. Plaintiffs appeal.—*Affirmed*.

*Salinger & Lindsay* and *F. M. Powers* for appellants.

*M. W. Beach* and *J. P. Conner* for appellee.

GIVEN, J.—I. Appellants complain of the admission of certain evidence, and the ninth paragraph of the charge, contending that thereby the question, whether appellants were negligent in performing the services sued for was submitted to the jury, when no such defense was pleaded. It is true that such negligence was not alleged, and that the evidence objected to tends to show a want of care; but the value of the services was in issue, and, as this evidence tended to show the extent and character of the services, there was no error in admitting it. The instruction complained of is as follows: "The practice of the law is not merely an art. It is a science which demands from all who are engaged in it special qualifications, which can only be attained by careful preliminary study and training, and by constant and unremitting investigation and research. But, as the law is not an exact science, there is no attainable degree of skill or excellence, at which all differences of opinion or doubts in respect to questions of law are removed from the minds of lawyers and judges. Absolute certainty is not always possible. The part of the profession which is carried on by attorneys is liberal and reputable, as well as useful to the public, when they conduct themselves with honor and integrity, and they ought to be protected where they act to the best of their knowledge and skill." Taken in connection with the court's statement of the issues, this instruction could not have been understood as submitting the question of negligence. Its tendency was to remove any prejudice that might exist against attorneys' charges, by giving

reasons that enter into the value of such services. The instruction was certainly favorable to appellants.

II. Appellee was permitted to testify, over appellants' objections, to a conversation with Mr. Salinger, immediately after the conclusion of the trial, as to the reasons why the case was decided against him, and about taking an appeal. Appellants contend that, as this conversation was after the case had been tried and the services fully rendered, it was admissible. It was certainly the duty of appellants, under their retainer, to inform appellee as to what they believed to be the cause of his defeat, and to advise him with respect to an appeal. While their retainer may not have required them to follow the case on appeal, it did require them to inform and advise appellee as to an appeal,—a service that was proper to be considered in fixing the amount to be allowed appellants. What was said as to the terms upon which appellants would prosecute the appeal was admissible, as part of the conversation, and of the advice given.

III. Appellee having testified that, on a certain occasion, appellant Salinger had told him to leave the room, and that the court had been bought, Mr. Salinger was recalled, and asked if he had told Carpenter to leave the room, to which he answered: "I say it is a falsehood. I did not tell him to leave the room, or get ready to leave the room, that day, or anything of the kind. There is no sense in it." This answer was stricken out on appellee's motion. Mr. Salinger was also asked, "State whether or not you ever told him that the court had sold out, or been bought," to which he answered: "I never did, in my life. He is the man that said that, over there, at Burke's." The latter part of this answer was stricken out, on appellee's motion. Appellee's abstract shows that, following the first answer, Mr. Salinger stated, without objection, that he did not advise appellee to

leave the room. There was no prejudice in the first ruling complained of, nor was there any error in the second, for the part of the answer stricken out was not responsive to the question, nor in rebuttal of anything said by appellee.

IV. Appellants complain of the refusal to give certain instructions asked. The first is to the effect that the burden was on appellee to prove the payments alleged, and that there was an agreement for twenty-five dollars, as alleged. In the sixth paragraph the court instructed that the burden was on appellee to establish the allegations of his counterclaim and of payments. It is not said in this paragraph that he had the burden of proving the alleged agreement, but, taking the whole charge together, it leaves no room for doubt on that subject. In the defense made by appellants for appellee, they set up a counterclaim. One instruction refused was to the effect that an agreement to defend the case for twenty-five dollars would not include services in presenting the counterclaim. While it is true that, strictly speaking, a counterclaim is not a defense, it is clear that appellants' retainer was to present on behalf of appellee whatever might prevent a recovery against him. The agreement to defend the case was certainly not understood to be limited to presenting defensive facts, alone, but whatever might be properly presented on behalf of the client. The court instructed, to determine the amount to be allowed to each party, to return a verdict for the difference in favor of the party entitled thereto, or, if the amounts were equal, to return a verdict for the defendant. Appellants complain of this instruction, and discuss the evidence with respect to the payments and counterclaim. Those were questions for the jury, and the instructions were plain and explicit on that branch of the case.

V. Appellants move to tax all the costs of appellee's abstract, except twenty-four lines thereof, to appellee, because it was not filed in time, and is a repetition of appellants' abstract. Appellee shows that the delay was in pursuance of an understanding between counsel. A comparison of the abstracts shows that at least three fourths of appellee's abstract is, a repetition of appellants', and to that extent was unnecessary. Therefore the motion is sustained, so far as to tax three fourths of the cost of appellee's abstract to appellee. We find no error prejudicial to appellants, and the judgment of the district court is, therefore, AFFIRMED.